**FOR PUBLICATION**

```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Magistrate No. 2008-16 |
| v. ) | |
| ) | |
| JEREMIAH LAZARUS ETIENNE, ) | |
| ) | |
| Defendant. ) | |

**ATTORNEYS:**

**Everard E. Potter, AUSA**
St. Thomas, U.S.V.I.
  *For the plaintiff,*

**Jesse A. Gessin, AFPD**
St. Thomas, U.S.V.I.
  *For the defendant.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the United States of America (the "Government") to dismiss the above-captioned matter without prejudice.

### I.  FACTS

On May 30, 2008, Deportation Officer Roy M. Rogers of the Immigration and Customs Enforcement Agency ("ICE") arrested Jeremiah Lazarus Etienne ("Etienne") at Etienne's house in the Bovoni area of St. Thomas, U.S. Virgin Islands. That same day, the Government filed a criminal complaint stating that Etienne

*United States v. Etienne*
Magistrate No. 2008-16
Memorandum Opinion
Page 2

had illegally re-entered the United States after having previously been deported.

Also on May 30, 2008, the United States Magistrate Judge conducted an advice of rights hearing for Etienne. The Government verbally moved for the temporary detention of Etienne. At the conclusion of the hearing, the Magistrate Judge granted the Government's motion and entered a written order directing that Etienne be detained until June 11, 2008.

On June 11, 1008, the Magistrate Judge conducted both a preliminary hearing and a detention hearing in the above-captioned matter. During the hearing, the Government moved for the continued pre-trial detention of Etienne. The Magistrate Judge verbally denied the motion and ordered that Etienne be released on bond. On June 11, 2008, the Magistrate Judge entered a written order setting the specific conditions of Etienne's release.

After Etienne was released on bond, he was removed from the United States.

On August 29, 2008, the Government filed the instant motion to dismiss this matter without prejudice. Etienne timely opposed the Government's motion, arguing that dismissal should be with prejudice.

*United States v. Etienne*
Magistrate No. 2008-16
Memorandum Opinion
Page 3

## II. ANALYSIS

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. . . ." Fed. R. Crim. P. 48(a) (2002); *see also United States v. Boiardo,* 408 F.2d 112, 113-14 (3d Cir. 1969) ("Rule 48(a) authorizes a United States Attorney to dismiss a prosecution not yet brought to trial, subject only to the qualification that he shall obtain leave of court."). Under the common law doctrine of "*nolle prosequi*" "prosecutors have the power to decide whether to proceed with the prosecution of a charged defendant." *In re Richards,* 213 F.3d 773, 782 (3d Cir. 2000). "Rule 48(a) appears to alter the traditional common law *nolle prosequi* power of executive authorities by requiring 'leave of the court' to dismiss a prosecution." *Id.* at 784.

> The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment. . . .  But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest.

*Id.* at 786 (quoting *Rinaldi v. United States,* 434 U.S. 22, 29 n. 15, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977) (per curiam)).

*United States v. Etienne*
Magistrate No. 2008-16
Memorandum Opinion
Page 4

As the United States Court of Appeals for the Third Circuit has explained:

> The concern of prosecutorial harassment speaks to the danger that a prosecutor will engage in a cycle of levying and dismissing charges against a particular defendant. The other concerns are harder to describe. Courts have equated a dismissal that is clearly contrary to the public interest with one in which the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial.

*Id.* at 787.

While the actual standards for the exercise of the Court's discretion under Rule 48(a) are unclear, "[a] court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *Id.* at 787 (quoting *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985); *see also United States v. Martin,* 287 F.3d 609, 623 (7th Cir. 2002) ("Since the judicial check on the prosecutorial power is a very limited one, a prosecutor's motion to dismiss must be granted unless 'clearly contrary to manifest public interest.'" (quotation omitted)); *United States v. Sprofera*, 299 F.3d 725, 727 (8th Cir. 2002) ("[T]he district court had to grant the motion unless the dismissal would be clearly contrary to manifest public interest . . . ." (quotation omitted)). Courts have also held that "[t]he disposition of a government's motion to dismiss an indictment

*United States v. Etienne*
Magistrate No. 2008-16
Memorandum Opinion
Page 5

should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal." *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995); *see also Sprofera*, 299 F.3d at 727 (explaining that a finding that dismissal is contrary to manifest public interest is "determined by whether the prosecutor's motion to dismiss was made in bad faith").

The Government is entitled to a presumption of good faith in seeking to dismiss an criminal action under Rule 48(a). *See United States v. Matta,* 937 F.2d 567, 568 (11th Cir. 1991) ("In rule 48(a) dismissals and subsequent indictments, the government is entitled to a presumption of good faith."); *United States v. Wellborn,* 849 F.2d 980, 983 (5th Cir. 1988) ("If the [Rule 48(a)] motion is uncontested, the court should ordinarily presume that the prosecutor is acting in good faith and dismiss the indictment without prejudice."). However, a defendant may overcome such presumption by showing that the prosecution has sought dismissal in bad faith or for reasons contrary to the public interest; or has failed to sufficiently articulate its reasons for dismissal. *See Matta,* 937 F.2d at 568 ("To overcome the presumption of good faith, the defendant must show that the initial dismissal was in bad faith, or that the defendant has been prejudiced in his ability to challenge the prosecutor's motives because the government failed to articulate its reasons for the dismissal.");

*United States v. Etienne*
Magistrate No. 2008-16
Memorandum Opinion
Page 6

*see also Wellborn,* 849 F.2d at 983 ("Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons-reasons that constitute more than a mere conclusory interest." (quotation omitted)).

    Here, Etienne does not contest the Government's request for dismissal of the complaint against him.  Rather, he argues that the dismissal should be with prejudice, not without prejudice.  However, Etienne has neither contended nor shown that the Government has sought dismissal in bad faith or for reasons contrary to the public interest; or has failed to sufficiently articulate its reasons for dismissal.  Instead, he argues that dismissal with prejudice is appropriate in light of the factors set forth under a certain provision of the Speedy Trial Act. *See* 18 U.S.C. § 3162(a)(2) ("In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.").  However, Etienne has not filed a motion to dismiss this action for violation of any time requirements imposed by the Speedy Trial Act.  Therefore, Etienne's reliance on the factors

*United States v. Etienne*
Magistrate No. 2008-16
Memorandum Opinion
Page 7

set forth in Section 3162 of the Speedy Trial Act is misplaced. *See, e.g., United States v. Reyes*, 102 F.3d 1361, 1366 n.7 (5th Cir. 1996) (rejecting the defendant's argument "that the district court erred in dismissing his criminal complaint without prejudice because the district court did not consider the relevant factors articulated in the Speedy Trial Act" because "[the defendant] never filed a motion to dismiss for a violation of the Act.").

Furthermore, the reason asserted by the Government in support of its motion for dismissal without prejudice is that Etienne was removed from the United States after his release on bond. That reason is purely practical. It does not speak to prosecutorial gamesmanship, nor does it speak to the merits of the illegal re-entry charges against Etienne. As such, the Government is entitled to dismissal without prejudice. *See, e.g., Matta,* 937 F.2d at 568 (upholding the dismissal of an indictment without prejudice under Rule 40(a) because the government's reasons for dismissal did not go to merits of indictment, and there was no showing that such dismissal was sought in bad faith or to harass the defendant).

### III. CONCLUSION

For the reasons stated above, the Court will grant the Government's motion, over the objection of Etienne. The above-

*United States v. Etienne*
Magistrate No. 2008-16
Memorandum Opinion
Page 8

captioned action will be dismissed without prejudice.  An

appropriate Order follows.

                                                   S_____
                                                     **Curtis V. Gómez**
                                                      **Chief Judge**